# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

———————

No. 97-10532

———————

RUPERT M. POLLARD, Individually and as Trustee for Pollard Medical Association Employee Defined Benefit Plan and R.M. Pollard MD and Associates Money Purchase Plan and Trust,

Plaintiff-Appellant,

versus

ROBERT E. HOLMES, JR.; CHARLES H. ROBERTSON, Individually; ROBERTSON & HOLMES; CHARLES H. ROBERTSON, Professional Corporation,

Defendant-Appellee.

———————

Appeal from the United States District Court
for the Northern District of Texas
(3:96-CV-1166-H)
February 18, 1999

Before JOLLY, DUHÉ, and EMILIO M. GARZA, Circuit Judges.[*]

EMILIO M. GARZA, Circuit Judge:

Rupert Pollard appeals the dismissal of his claims filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). The district court dismissed defendants' counterclaim for breach of fiduciary duty. It also dismissed all of Pollard's claims and entered a final judgment on them. At this point, a counterclaim for breach of contract was still pending.[1] Pollard appealed.

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The breach of contract counterclaim appears at paragraph 60 of Defendants' Second Amended Original Answer and Counterclaim.

This case's procedural history raises a jurisdictional concern.[2]  Because of the unadjudicated counterclaim, Pollard must appeal from a judgment entered pursuant to Federal Rule of Civil Procedure 54(b) to secure jurisdiction.  *See* FED. R. CIV. P. 54(b); *B. B. Adams Gen. Contractors, Inc. v. Department of Hous. and Urban Dev.,* 501 F.2d 176, 177 (5th Cir. 1974) (per curiam).  As he has not, we must dismiss for lack of jurisdiction.  *See Johnson v. McDole,* 526 F.2d 710, 711 (5th Cir. 1976) (per curiam) (dismissing appeal because counterclaim still was pending before the district court).  If Pollard re-files his appeal after the district court enters a final judgment covering all claims and counterclaims or certifies a judgment pursuant to Rule 54(b), we will consider his appeal on the record and briefs prepared for this case and on the oral arguments that we have heard.  *See Kirtland v. J. Ray McDermott & Co.,* 568 F.2d 1166, 1171 n.9 (5th Cir. 1978); 10 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2660 (3d ed. 1998).

Accordingly, we DISMISS Pollard's appeal for lack of jurisdiction.

---

[2]  We may consider whether or not we possess jurisdiction *sua sponte.  See, e.g., B. B. Adams Gen. Contractors, Inc. v. Department of Hous. and Urban Dev.,* 501 F.2d 176, 177 (5th Cir. 1974) (per curiam).